IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHEYENNE TAYLOR, individually
and as Administratrix of the
Estate of Mariana Phillips,
deceased and JOSEPH PHILLIPS,

    Plaintiffs,

v.                                      Civil Action No. 5:07CV171
                                                    (STAMP)

LIBERTY INSURANCE UNDERWRITERS,
INC. (The Liberty Mutual Group),

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF CHEYENNE TAYLOR'S
MOTION FOR TRIAL BY JURY**

I.    Relevant Facts and Procedural History

The plaintiffs, Cheyenne Taylor ("Taylor") and Joseph Phillips ("Phillips"), initiated this third-party bad faith action against defendant Liberty Insurance Underwriters, Inc. ("Liberty"), in the Circuit Court of Ohio County, West Virginia. Their complaint alleges that Liberty violated several sections of West Virginia Code § 33-1-4(9) in Liberty's handling of the plaintiffs' claims relating to a professional malpractice insurance policy issued to attorney Thomas G. Wilson and arising out of Wilson's alleged failure to file suit under the Vaccine Act on the plaintiffs' behalf after the plaintiffs had retained him to do so. The plaintiffs' civil action cover sheet filed in state court indicates that they want the case to be tried by a jury. However, the complaint itself provides no such indication.

Liberty timely removed this action, invoking this Court's diversity jurisdiction. The removed state court record did not include that court's civil action cover sheet, and the plaintiffs filed no supplements to the removed record. Thus, nothing on the record before this Court suggested that the plaintiffs sought to have their claims tried to a jury.

This Court entered a scheduling order setting a bench trial to begin on February 10, 2009. Plaintiff Taylor then filed a motion for a continuance of the trial because of a scheduling conflict. That motion requested only a new date for the trial. It did not include any suggestion that either plaintiff sought to have the case tried by a jury. This Court granted the unopposed motion, and rescheduled the bench trial for a later date.[1]

Subsequently, the parties filed a joint motion to modify the case schedule, requesting additional time for the completion of discovery. The parties' motion stated that the parties did not expect the requested extension to affect the trial date. Nothing in the motion indicated any request by either plaintiff for a jury trial. The parties' motion was granted, and this Court entered an amended scheduling order which retained March 3, 2009 as the start date for the bench trail.

---

[1]The new date for trial was first set for February 24, 2009. Later, for reasons appearing to the Court, the trial was rescheduled for March 3, 2009.

2

On December 1, 2008, Liberty filed a motion for summary judgment.[2] In her response, plaintiff Taylor suggested that issues of fact were present in this case which are appropriate for "the jury" to resolve. Liberty's reply memorandum observed that the plaintiffs had never served Liberty with a jury demand and asserted that any issues not resolved on summary judgment would be tried to the Court, not to a jury. Although plaintiff Taylor, with leave of Court, filed a sur-reply, neither she nor plaintiff Phillips responded to Liberty's assertion that the case would be tried to the Court.

In connection with the pretrial conference, held on February 9, 2009, plaintiff Taylor submitted a proposed pretrial order, attached to which was a copy of the state court civil action cover sheet indicating the plaintiffs' jury demand. At the pretrial conference, this Court noted that the plaintiffs had not previously raised the issue of a jury demand before this Court and set an abbreviated briefing schedule on the matter. In compliance with the briefing schedule, plaintiff Taylor filed a motion for a trial by jury pursuant to Federal Rule of Civil Procedure 39(b), and Liberty filed a memorandum in opposition.[3]

---

[2]Liberty's motion for summary judgment remains pending before this Court.

[3]Plaintiff Phillips does not appear to have taken a position regarding this motion, nor has he ever filed a jury demand or a separate motion for a jury trial.

3

Upon review of the parties' memoranda and the applicable law, this Court finds that plaintiff Taylor's motion for a trial by jury must be denied.

II. Applicable Law

The Federal Rules of Civil Procedure set forth the requirements for making a jury demand in federal court. Rule 38 states in pertinent part:

> (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such an issue, and (2) filing the demand as required by Rule 5(d) [which requires filing of the document with the court together with a certificate of service]. Such demand may be indorsed upon a pleading of the party.
>
> . . .
>
> (d) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of a trial by jury . . . .

Fed. R. Civ. P. 38(b),(d).

This rule is supplemented by Rule 39(b), which states that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b).

Resolution of a Rule 39(b) motion is "committed to the discretion of the trial court." Malbon v. Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936, 940 (4th Cir. 1980). In deciding

whether to grant a Rule 39(b) motion, courts may be guided by the following four factors:

> (1) whether the issues are more appropriate for determination by a jury or a judge (i. e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); and (4) any effect a jury trial would have on the court's docket and the orderly administration of justice.

Id. at 940 n. 11 (citations omitted).

A number of courts have also considered a fifth factor--the reason for the failure to make a timely jury demand. See Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Services, 925 F.2d 866, 873 (5th Cir.), cert. denied, 502 U.S. 866 (1991); Kitchen v. Chippewa Valley Sch., 825 F.2d 1004, 1012-13 (6th Cir. 1987); Mardesich v. Marciel, 538 F.2d 848, 849 (9th Cir. 1976). The Supreme Court of the United States has also noted, in dicta, that a district court's discretion generally is guided by "the justifiability of the tardy litigant's delay and the absence of prejudice to his adversary." Pierce v. Underwood, 487 U.S. 552, 562 (1988).

### III. Discussion

Determining whether to grant plaintiff Taylor's Rule 39(b) motion for a trial by jury requires this Court to determine whether the Malbon factors militate in favor of or against a jury trial. Taylor argues that the case presents simple issues suitable for determination by a jury, that Liberty will not be prejudiced by a

5

jury trial because it will be able to participate in voir dire to ensure a fair and impartial jury, that timing of the motion was late because the plaintiff had previously made a jury demand in this action while the case was in state court, and that granting the motion would not disrupt this Court's schedule because the case is already set for trial.  In Taylor's view, therefore, the relevant factors weigh in favor of granting the motion.

Liberty takes the opposite view.  Liberty contends that the case is sufficiently complex to warrant a bench trial, that the defendant will be prejudiced if the case is to be tried to a jury because Liberty has structured its trial strategies and made decisions regarding its defense of this action on the assumption that the case would be tried to the Court, that the plaintiffs have filed their request for a jury trial very late in the proceedings, and that this Court's docket will be negatively affected because the trial will require additional time if a jury is impaneled. For these reasons, Liberty concludes, the motion for a jury trial should be denied.

Applying the Malbon factors to this action, this Court concludes that the motion for a jury trial must be denied.  As to the first factor, whether the issues are more appropriately determined by a jury, this Court observes that to determine whether the plaintiffs prevail on their third-party bad faith claims, the factfinder will be required to consider multiple elements of proof

in the related malpractice suit, which in turn requires consideration of multiple elements of proof relating to the plaintiffs' claims arising under the Vaccine Act. Because the issues in this action are inextricably intertwined with the plaintiffs' malpractice and Vaccine Act claims, this Court finds that they are sufficiently complex to probably warrant a bench trial. Therefore, this factor weighs somewhat against granting the motion.

The second factor, whether Liberty will be prejudiced by granting a jury trial, also counsels against granting the motion. This Court finds that Liberty has justifiably relied on the assumption that the case would be tried to the Court throughout the motion practice and discovery, and that Liberty has prepared its defense of this suit and coordinated its trial strategy accordingly. Therefore, this factor weighs against granting the motion.

The third factor identified by Malbon is the timing of the motion for a jury trial. Here, the motion was filed very late in the proceedings, approximately thirteen months after the case was removed from state court and approximately three weeks before the start of trial. To the extent that Taylor relies upon the civil action information sheet indicating the plaintiffs' jury demand, which they filed in state court, such reliance is misplaced. Civil action cover sheets do not constitute a sufficient jury demand in

federal court.  See Wall v. National Railroad Passenger Corp., 718 F.2d 906, 909 (9th Cir. 1983).  Further, as noted above, the state court papers which were filed with this Court upon removal did not even include the state court civil action information sheet.  Also, the plaintiffs submitted no supplemental filing to indicate they sought a trial by jury.  Similarly, after this Court entered the scheduling order setting a bench trial (see docket entry 10), the plaintiffs took no action to request a jury trial.  Finally, after Liberty objected in its reply memorandum in support of its motion for summary judgment to plaintiff Taylor's reference to a jury trial in her response memorandum in opposition to Liberty's motion for summary judgment, the plaintiffs still took no action to request a jury trial.  Under these circumstances, this Court finds that the timing of the filing weighs against granting the motion for a jury trial.

Under the fourth factor of the Malbon analysis, this Court considers what effect, if any, a jury trial would have on the Court's docket and on the orderly administration of justice and finds that allowing a jury trial would have little impact on either.  This factor, therefore, does not appear to weigh in favor of or against granting the motion.

Considering the additional factor which other courts have considered, the reason for the failure to make a timely jury demand, this Court is not persuaded by the plaintiff Taylor's

8

argument that the plaintiffs did not make a jury demand in federal court because they had previously made the demand on the civil cover sheet in state court. The civil cover sheet is an administrative document which is not served upon the opposing party and which does not meet the requirements for a jury demand as set forth by Federal Rule of Civil Procedure 38. Further, this case has been designated as a bench trial since the initial scheduling order was entered on February 5, 2008. The plaintiffs have been aware--or should have been aware--of such designation since that date. The reason for the plaintiffs' long delay in requesting a jury trial does not appear to this Court to justify granting a jury trial at this late stage of the proceedings.

Because three of the four Malbon factors weigh against granting the motion for a jury trial, and the fourth factor is neutral, and because Taylor has not offered a persuasive reason justifying the long delay in her request for a jury trial, this Court concludes that her motion must be denied.

### IV. Conclusion

For the reasons stated above, plaintiff Cheyenne Taylor's motion for a trial by jury is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein.

DATED: February 13, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE